IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

HEATHER L. DAVIS,

                Plaintiff,                OPINION AND ORDER

    v.

                                        25-cv-362-wmc

LEXINGTON LAW FIRM and
JOHN C. HEATH,

                Defendants.

        Plaintiff Heather Davis, who is representing herself, brings this lawsuit against Lexington Law Firm and one of its attorneys, John Heath. Plaintiff alleges that she hired Lexington to help with identify theft and credit repair, but that instead, she ended up with stolen funds and credit cards and a violation under the Health Insurance Portability and Accountability Act ("HIPAA"). She also includes allegations about being physically assaulted and denied medical care.

        Plaintiff has paid the full filing fee for this action, so the complaint does not have to be screened under the *in forma pauperis* statute, 28 U.S.C. § 1915. However, the court has the inherent authority to screen the case on its own. *See Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 307-08 (1989) (*in forma pauperis* statute "authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision"); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("district courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). Here, the court directed the clerk of court to withhold service until the court has completed review of the complaint.

        On review, the court accepts plaintiff's allegations as true and construes them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett*

*v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Even under this lenient standard, however, plaintiff's allegations fail to state a federal claim upon which relief may be granted and her allegations about defendants are too vague to meet the pleading standard of Federal Rule of Civil Procedure 8. Accordingly, the court will dismiss plaintiff's complaint without prejudice and give her a brief opportunity to file an amended complaint that fixes the problems with her claim against defendants, as set forth below.

OPINION

Although her allegations are difficult to understand, plaintiff appears to allege that she hired defendants to help fix her credit but that they failed to do so. As a result, she faces credit card debt, identity theft, denial of medical care, and release of her medical information. However, there are several problems with plaintiff's complaint.

First, plaintiff does not provide any details about her relationship with defendants, such as whether she had a contract with them, they performed any work for her, or she paid them any money. Nor does she explain what specific actions defendants took, or failed to take, that she believes violated her rights. For example, it is not clear whether she thinks defendants breached a contract, engaged in fraud, or violated a federal statute pertaining to solicitation or debt collection. Without more information, the court cannot determine whether plaintiff's allegations state a claim against defendants upon which relief may be granted.

Second, plaintiff does not say what type of relief she is seeking from defendants. To the extent she is seeking monetary damages, she should state the specific amount she is seeking and explain why she would be entitled to that amount. If she wants defendants to take a specific action or actions, she should say so.

Third, plaintiff mentions HIPAA violations repeatedly in her complaint, but she cannot bring claims under HIPAA because "HIPAA confers no private right of action." *Carpenter v. Phillips*, 419 F. App'x 658, 659 (7th Cir. 2011); *see also Kreger-Mueller v. City of Middleton Police Dep't*, No. 18-cv-708-jdp, 2018 WL 6421069, at *5 (W.D. Wis. Dec. 6, 2018) ("[A]n individual person cannot sue to enforce her rights under HIPAA because HIPAA does not create a private right of action to sue in federal court.").

Fourth and finally, plaintiff includes several allegations about individuals or entities that she has not named as defendants in the caption of her complaint, including the FTC, Consumer Protection Unit, and UW Health medical providers. It is not clear how these individuals and entities relate to the defendants or why plaintiff is discussing them in her complaint.

In light of these problems, the court will dismiss plaintiff's complaint but will give her a chance to file an amended complaint fixing her pleading problems. In drafting her amended complaint, plaintiff should remember to do the following:

- Carefully consider whether she is naming proper defendants and omit defendants who did not personally cause or participate in a violation of her rights.
- Identify all of the individuals whom she wishes to sue in the caption of the complaint.
- Describe simply and concisely what actions she believes that each defendant took that violated her rights, using separate, numbered paragraphs.

If plaintiff submits a proposed amended complaint by February 18, 2026, the court will review it for potential jurisdictional issues. If plaintiff fails to respond to this order by that deadline, the case will be dismissed with prejudice under Federal Rule of Civil Procedure 41(b).

ORDER

IT IS ORDERED that:

1) Plaintiff Heather Davis's complaint (dkt. #1) is DISMISSED without prejudice for her failure to comply with Fed. R. Civ. P. 8.

2) Plaintiff shall have until February 26, 2026, to submit an amended complaint that addresses the problems above.  If plaintiff submits a proposed amended complaint by that date, the court will review it for potential jurisdictional issues, but if she files nothing, the court will dismiss this case with prejudice for failure to prosecute, under Federal Rule of Civil Procedure 41(b).

Entered this 21st day of January, 2026.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge